# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# EASTERN DIVISION- (DAVENPORT)

|  |  |
|---|---|
| JON TAYLOR,<br>    PLAINTIFF,<br><br>v.<br><br>ALLEGIANT MANAGEMENT GROUP LLC<br>f/k/a CLARION RECOVERY SERVICE, LLC,<br>DANIEL FRALEY, individually,<br>DANIEL SKOTARCZAK, individually,<br>TANISHA SKOTARCZAK f/k/a TANISHA<br>CLINE, individually,<br>STEPHEN SKOTARCZAK, individually,<br>    DEFENDANTS | Case No. |

## COMPLAINT AND JURY DEMAND

1. This action arises out of the conduct of Allegiant Management Group LLC (f/k/a Clarion Recovery Service, LLC) ("Allegiant"), Daniel Fraley ("Fraley"), Daniel Skotarczak ("Daniel Skotarczak"), Tanisha Skotarczak ("Tanisha Skotarczak") and Stephen Skotarczak ("Stephen Skotarczak"), in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court is proper pursuant to 28 U.S.C. § 1331 and 15 U.S.C § 1692k(d).

3. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), in that Capital, Allegiant and/or all other defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

5. The Plaintiff resides in this Judicial District.

1

## PARTIES

6. Plaintiff, Jon Taylor ("Plaintiff"), is an adult individual residing in Scott County, Iowa and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and is a "debtor" as the term is defined by Iowa Code § 537.7102(6).

7. Allegiant is a New York entity with its principal offices located in the Buffalo, New York area. Allegiant's former name was Clarion Recovery Service LLC, but changed its name to Allegiant Management Group LLC in November, 2018.

8. Allegiant is not registered to do business in the state of Iowa, but can be served in accordance with Iowa, New York or any other applicable law.

9. Allegiant advertises on its website (www.allegiantgroup.info) (last visited December 31, 2023):

    > We take pride in our ability to help our clients re-establish and restore their credit…
    >
    > We understand the details of the credit cycle and work hard to educate consumers and help give consumers the tools and knowledge to make good financial decisions.
    >
    > Allegiant Management Group believes that understanding the credit and debt collection process is essential for achieving financial wellness and are here to seek a beneficial resolution.

10. The principal purpose of Allegiant is the collection of debts using the mails and telephone and other means.

11. Allegiant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property, or services which are the subject of the transactions are primarily for personal, family or household purposes.

12. Allegiant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Iowa Code § 537.7102(5).

13. Daniel Fraley ("Fraley") is a natural person, residing at 5207 Cambria Rd, Sanborn, NY 14132.

14. Fraley is an owner and/or officer and/or director of Allegiant.

15. Fraley actively manages Allegiant and directs its company policies.  Fraley directly or indirectly instructed the employees of Allegiant to act in the manner they acted when attempting collections from Plaintiff as described in the paragraphs below.

16. Fraley regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property, or services which are the subject of the transactions are primarily for personal, family or household purposes.

17. Fraley uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts.

18. Fraley is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Iowa Code § 537.7102(5).

19. Daniel Skotarczak is a natural person who resides at 7424 Akron, Lockport, NY 14094.

20. Daniel Skotarczak is an owner and/or officer and/or director of Allegiant.

21. Daniel Skotarczak actively manages Allegiant and directs its company policies. Daniel Skotarczak directly or indirectly instructed the employees of Allegiant to act in the manner they acted when attempting collections from Plaintiff as described in the paragraphs below.

22. Daniel Skotarczak regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property, or services which are the subject of the transactions are primarily for personal, family or household purposes.

23. Daniel Skotarczak uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts.

24. Daniel Skotarczak is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Iowa Code § 537.7102(5).

25. Tanisha Skotarczak (f/k/a Tanisha Cline) is a natural person, residing at 5790 Strickler Rd, Clarence, NY 14031.

26. Tanisha Skotarczak is an owner and/or officer and/or director of Allegiant.

27. Tanisha Skotarczak actively manages Allegiant and directs its company policies. Tanisha Skotarczak directly or indirectly instructed the employees of Allegiant to act in the manner they acted when attempting collections from Plaintiff as described in the paragraphs below.

28. Tanisha Skotarczak regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property, or services which are the subject of the transactions are primarily for personal, family or household purposes.

29. Tanisha Skotarczak uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts.

30. Tanisha Skotarczak is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Iowa Code § 537.7102(5).

31. Stephen Skotarczak is a natural person, residing at 5790 Strickler Rd, Clarence, NY 14031.

32. Stephen Skotarczak is an owner and/or officer and/or director of Allegiant.

33. Stephen Skotarczak actively manages Allegiant and directs its company policies. Stephen Skotarczak had influence over the officers and/or directors and/or owners and/or employees of Allegiant and directly or indirectly instructed the employees of Allegiant to act in the manner they acted when attempting collections from Plaintiff as described in the paragraphs below.

34. Stephen Skotarczak regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property, or services which are the subject of the transactions are primarily for personal, family or household purposes.

35. Stephen Skotarczak uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts.

36. Stephen Skotarczak is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Iowa Code § 537.7102(5).

## FACTUAL ALLEGATIONS

37. At some time in the past, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely an amount due and owing on a payday loan account (hereinafter the "Account"). The money obtained from the loan was not spent for business or commercial purposes.

38. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Iowa Code § 537.7102(3).

39. The Account allegedly went into default with the original creditor.

40. After the Account allegedly went into default, the Account was purchased by, or otherwise transferred to Allegiant, Fraley, Daniel Skotarczak, Tanisha Skotarczak and Stephen Skotarczak for collection.

41. Plaintiff disputes the amount the defendants are or may be attempting to collect.

42. Plaintiff requests that the defendants cease all further communication on the Account.

43. Allegiant's collector(s) were employee(s) of Allegiant at all times mentioned herein.

44. Allegiant acted at all times mentioned herein through its employee(s).

## COLLECTION EFFORTS BY ALLEGIANT

45. In the one year prior to the filing of the Complaint in this matter, Allegiant communicated with Plaintiff via telephone, or attempted to communicate with Plaintiff via telephone.

46. On or about January 9, 2023, Allegiant left a voicemail for Plaintiff which informed Plaintiff that Allegiant had "certified documents …attached to [Plaintiff's] name and social security number" and that Allegiant would "be making several times to reach you at your residence" the next day, January 10, 2023, and that if Allegiant was unable to find Plaintiff at his home the next day it would deliver them to his place of employment and that if he had any further questions he could call the "filing party's" phone number of 866-511-7964.

47. On or about February 14, 2023, Allegiant left a voicemail for Plaintiff which stated:

> This message is for Jon Taylor. My name is Elena Huss and I've been tasked with delivering you certified documents that are attached to your name and social security number. I'll be making several attempts to reach you at your residence tomorrow, February 15th, between three and five. If you have any further

>   questions or you need to reschedule, contact the filing party's office at 832-241-0775. Jon Taylor, you have been notified.

48. When Plaintiff called back to Allegiant, he was told that he would be sued and served with court documents if he did not immediately repay the Account.

49. The threats to sue Plaintiff and deliver court documents to him were false, deceptive and misleading statements because at the time these statements were made, neither Allegiant, nor anyone on whose behalf Allegiant was working had any intention of filing a lawsuit against Plaintiff on the Account.

50. The false, deceptive and misleading statements described above were made for the purpose of causing fear that Plaintiff was going to be sued and/or prosecuted, if the Account was not immediately repaid.

51. The threats described above would cause the least sophisticated consumer to believe that Allegiant had filed a lawsuit or imminently would file a lawsuit against Plaintiff on the Account or that Plaintiff would be prosecuted for failing to repay the Account.

52. Allegiant never provided Plaintiff with the disclosures required by 15 U.S.C. § 1692g(a).  Further, Allegiant did not provide those disclosures in writing within five days of its first communication with Plaintiff.

53. During one or more communication(s) with Plaintiff within the one year prior to the filing of this complaint, Allegiant failed to inform plaintiff that it was a debt collector and/or that Allegiant was attempting to collect a debt and/or that any information obtained would be used for the purpose of debt collection.

54. During one or more telephone communication(s) with Plaintiff within the one year prior to the filing of this complaint, Allegiant failed to provide meaningful disclosure of its identity to Plaintiff.

55. Allegiant's purpose for communicating with Plaintiff was to attempt to collect the Account.

56. The telephone calls involving Plaintiff and Allegiant each constituted a "communication" as defined by 15 U.S.C. § 1692a(2).

57. The only reason that Allegiant and/or representative(s), employee(s) and/or agent(s) of Allegiant made telephone call(s) to the Plaintiff was to attempt to collect the Account.

58. The only reason that Allegiant and/or representative(s), employee(s) and/or agent(s) of Allegiant left message(s) for Plaintiff was to attempt to collect the Account.

59. The statements and actions of Allegiant and its representative(s), employee(s) and/or agent(s) constitute illegal communication in connection with debt collection.

60. All of the conduct by Allegiant and/or its employees and/or agents alleged in the preceding paragraphs was done knowingly and willfully.

61. Fraley, Daniel Skotarczak and/or Tanisha Skotarczak and/or Stephen Skotarczak knew that Allegiant repeatedly or continuously engaged in collection practices as described above.

62. During all times pertinent hereto, Fraley, Daniel Skotarczak and/or Tanisha Skotarczak and/or Stephen Skotarczak (a) created the collection policies and procedures used by Allegiant, and its respective employees and agents, in connection with their common efforts to collect consumer debts, (b) managed or otherwise controlled the daily collection operations of Allegiant, (c) oversaw the application of the collection policies and procedures used by Allegiant and its employees and agents, (d) drafted, created, approved and ratified the tactics and scripts used by

Allegiant and its employees and agents to collect debts from consumers, including the tactics and scripts that were used to attempt to collect an alleged debt from Plaintiff as alleged in this complaint, (e) ratified the unlawful debt collection practices and procedures used by Allegiant and its employees and agents in connection with their common efforts to collect consumer debts, and (f) had knowledge of, approved, participated in, ratified and benefitted financially from the unlawful debt collection practices used by Allegiant and its employees and agents in attempts to collect an alleged debt from Plaintiff as alleged in this complaint.

## RESPONDEAT SUPERIOR

63. The representative(s) and/or collector(s) at Allegiant were employee(s) and/or agents of Allegiant at all times mentioned herein.

64. The representative(s) and/or collector(s) at Allegiant were acting within the course and/or scope of their employment at all times mentioned herein.

65. The representative(s) and/or collector(s) at Allegiant were under the direct supervision and/or control of Fraley, Daniel Skotarczak and/or Tanisha Skotarczak and/or Stephen Skotarczak and/or Allegiant at all times mentioned herein.

66. The actions of the representative(s) and/or collector(s) at Allegiant are imputed to their employer, Fraley, Daniel Skotarczak and/or Tanisha Skotarczak and/or Stephen Skotarczak and/or Allegiant.

## COUNT I:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.
## BY ALLEGIANT MANAGEMENT GROUP LLC, DANIEL FRALEY, DANIEL SKOTARCZAK, TANISHA SKOTARCZAK f/k/a TANISHA CLINE, and STEPHEN SKOTARCZAK

67. The previous paragraphs are incorporated into this Count as if set forth in full.

68. The act(s) and omission(s) of Allegiant, Fraley, Daniel Skotarczak, Tanisha Skotarczak, Stephen Skotarczak and their representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692d(1)&(2)&(6) and §1692e(2)&(3)&(4)&(5)&(7)&(8)&(10)&(11)&(14) and § 1692g(a).

69. Pursuant to 15 U.S.C. § 1692k the Plaintiff seeks damages, reasonable attorney's fees and costs from Allegiant, Fraley, Daniel Skotarczak, Tanisha Skotarczak and Stephen Skotarczak.

### COUNT II: VIOLATIONS OF IOWA CODE § 537.7102(6), et seq. BY ALLEGIANT MANAGEMENT GROUP LLC, DANIEL FRALEY, DANIEL SKOTARCZAK, TANISHA SKOTARCZAK f/k/a TANISHA CLINE, and STEPHEN SKOTARCZAK

70. The previous paragraphs are incorporated into this Count as if set forth in full.

71. The act(s) and omission(s) of Allegiant, Fraley, Daniel Skotarczak, Tanisha Skotarczak, Stephen Skotarczak and their representative(s), employee(s) and/or agent(s) violated Iowa Code § 537.7103(1)(f)&(2)(a)&(4)(b&(4)(c)&(4)(d)&(4)(e)&(4)(i).

72. Pursuant to Iowa Code § 537.5201(1)(a)&(8) Plaintiff seeks actual damages, statutory damages, reasonable attorney's fees and costs from Allegiant, Fraley, Daniel Skotarczak, Tanisha Skotarczak and Stephen Skotarczak.

### COUNT III:  INVASION OF PRIVACY (INTRUSION ON SECLUSION) BY ALLEGIANT MANAGEMENT GROUP LLC, DANIEL FRALEY, DANIEL SKOTARCZAK, TANISHA SKOTARCZAK f/k/a TANISHA CLINE, and STEPHEN SKOTARCZAK

73. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with

the cause of action pled here, Allegiant, Fraley, Daniel Skotarczak, Tanisha Skotarczak and Stephen Skotarczak are liable to Plaintiff for invading Plaintiff's privacy (intrusion on seclusion). Allegiant, Fraley, Daniel Skotarczak, Tanisha Skotarczak and Stephen Skotarczak intentionally intruded on Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

74. Plaintiff suffered actual damages from Allegiant, Fraley, Daniel Skotarczak, Tanisha Skotarczak and Stephen Skotarczak as a result of their collective and individual intrusion.

## JURY TRIAL DEMAND

75. Plaintiff is entitled to and hereby demands a trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following:

76. Judgment in favor of Plaintiff and against Allegiant Management Group LLC, Daniel Fraley, Daniel Skotarczak, Tanisha Skotarczak and Stephen Skotarczak, jointly and severally as follows:

   a. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

   b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

   c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

   d. Actual damages pursuant to Iowa Code § 537.5201(1)(a).

   e. Statutory damages to be determined by the Court in an amount not less than $100 nor more than $1,000 pursuant to Iowa Code § 537.5201(1)(a).

f.  Reasonable attorneys fees and the costs of the action pursuant to Iowa Code § 537.5201(8).

g.  Actual damages pursuant to the common law of Iowa; and

h.  Such other and further relief as the Court deems just and proper.

        Respectfully submitted,
        Jon Taylor, Plaintiff,

By: */s/ Pamela A. Car*
    Pamela A. Car,   IA  #14531
    Car & Reinbrecht, P.C., L.L.O.
    2120 South 72nd St., Suite 1125
    Omaha, NE 68124
    (402) 391-8484 Telephone
    E-mail: pacar@cox.net
    Attorney for Plaintiff

## JURY DEMAND

Plaintiffs demand a trial by jury as to all issues so triable.

By: */s/Pamela A. Car*